*Law Office of*
**LOU SPIVACK**
State Bar No. 09309
5447 E 5th St #205
Tucson Az 85711
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | 21-mj-05866-LCK |
| Plaintiff, | |
| v. Sean Hale | **MOTION TO EXTEND STATUTORY DEADLINE TO INDICT** |
| Defendant. | **(No objection by Government)** |

It is expected that excludable delay under 18 U.S.C. Section 3161 et. seq. may occur because of this motion or from an order based thereon.

Sean Hale is charged by complaint with Alien Smuggling, a violation under 8 U.S.C. § 1324, now moves, pursuant to 18 U.S.C. § 3161(h)(8)(A), for a 30-day extension of the time to indict this matter. Assistant United States Attorney Micah Schmit does not object to this request.

Title 18 U.S.C. §3161(b) requires the prosecution to file an information or complaint within 30 days of his/her arrest. Although a grand jury is currently in session, there is a substantial backlog in the consideration of cases due primarily to the period the grand jury did not meet because of the COVID-19 pandemic.

The deadline to indict is the week of August 18. 2021. The Government has not yet provided disclosure. The government's policy is that a "fast-track" plea offer to defendant will be made.  However, in exchange, the prosecution has requested that the defendant waive his statutory right to indictment within 30 days and move to extend the time to indict for 30 days. If defendant does not move to extend the time to indict, no "fast-track" plea offer will be made in his case. It is in defendant's best interests to move to extend the time to indict. An extension will allow defendant additional time to receive and review disclosure and to investigate potential defenses, or accept an expected plea offer.

Mr. Hale is housed at CCA-Florence, which is located 90-minutes from Tucson. **His quarantine has been extended through July 27** making it impossible for counsel to meet with his client and review any plea or disclosure when it arrives. Defense counsel will need additional time to receive and review the expected "fast-track" plea agreement and discovery materials with the defendant. Additionally, counsel will be out of the District August 3-12. For these reasons, defendant believes the ends of justice will be served by extending the deadline to indict by 30 days and that the ends of justice "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

Records at the Administrative Office for the United States Courts show that, for each of the last three years, immigration case filings have exceeded 2,000 defendants annually in this district. The high number of cases and limited resources, particularly pretrial detention space and availability of judicial officers to accommodate hearings

required in a normal criminal case has obliged the United States Attorney to develop an early disposition program for immigration cases, under the PROTECT ACT of 2003.

To accomplish the goals of the early disposition "fast-track" program, the United prosecution ordinarily provides early disclosure to defendants charged with 8 U.S.C. § 1326. Usually, a "fast-track" plea offer, pursuant to U.S.S.G. § 5K3.1, which provides for a sentence below the calculated sentencing guidelines range is made. The plea agreement also requires defendants to waive rights to seek departures and appeal rights in addition to waiving the usual jury trial rights. The "fast-track" plea agreement is conditioned on the defendant waiving his right to indictment within 30 days of arrest by moving to extend the time to indict.

The United States does not object to this motion for a 30-day extension of time to indict.

**RESPECTFULLY SUBMITTED:** July 20, 2021

        */s/ Lou Spivack*
        **LOU SPIVACK**
        Attorney for Victor Garcia

Micah Schmit